WILLIAM C. MORISON (No. 99981)
wcm@morisonprough.com
PHILIP D. WITTE (112217)
pdw@morisonprough.com
MORISON & PROUGH, LLP
2540 Camino Diablo, Suite 100
Walnut Creek, CA  94597-3973
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
IRONSHORE SPECIALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY and NORTHERN INSURANCE COMPANY OF NEW YORK, | ) ) ) ) | Case No. 2:16-CV-00186-MCE-AC |
| Plaintiffs, | ) ) ) | IRONSHORE SPECIALTY INSURANCE COMPANY'S <u>CERTIFICATE OF SERVICE</u> |
| vs. | ) ) ) | |
| IRONSHORE SPECIALTY INSURANCE COMPANY and DOES 1-20 inclusive, | ) ) ) ) | |
| Defendants. | ) ) ) | |

I, the undersigned, an employee of Morison & Prough, LLP, located at 2540 Camino Diablo, Suite 100, Walnut Creek, California 94597, am over the age of 18 years and not a party to this matter, action or proceeding.

On February 2, 2016, I served a copy of the following document(s):

Civil Cover Sheet
Notice of Removal
Ironshore Specialty Insurance Company's Corporate Disclosure
      Statement (Fed. R. Civ. Proc. 7.11)
Order Requiring Joint Status Report
Notice of Availability of Magistrate Judge
Notice of Availability Voluntary Dispute Resolution
Stipulation to Elect Referral of Action to Voluntary Dispute Resolution
      Program (VDRP) Pursuant to Local Rule 271

to the person(s) at the address(es) shown below:

/ / /

William C. Reeves, Esq.
Morales Fierro & Reeves
2300 Contra Costa Blvd., Ste. 310
Pleasant Hill, CA 94523
Telephone:  (925) 288-1776
Facsimile:  (925) 288-1856
wreeves@mfrlegal.com

*Attorneys for Plaintiffs*
AMERICAN CASUALTY
COMPANY and NORTHERN
INSURANCE COMPANY OF NEW
YORK

__X__   **BY U.S. MAIL:**  I placed the document(s) for collection and processing for mailing with the United States Postal Service in Walnut Creek, California.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the same day that correspondence is placed for collection and processing for mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

February 2, 2016, at Walnut Creek, California.

Lisa Breen

155832

JS 44 (Rev. 12/12)

Case 2:16-cv-00186-MCE-AC   Document 3   Filed 02/02/16   Page 3 of 23
Case 2:16-cv-00186-MCE-AC   Document 1-1   Filed 01/29/16   Page 1 of 2

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Maryland Casualty Company and Northern Insurance Company of New York | Ironshore Specialty Insurance Company |

| (b) County of Residence of First Listed Plaintiff  Illinois | County of Residence of First Listed Defendant  Suffolk, MA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| William C. Reeves, Esq.          (925) 288-1776<br>Morales Fierro & Reeves<br>2300 Contra Costa Blvd., Ste 310, Pleasant Hill, CA 94523 | William C. Morison, Philip D. Witte   (925) 937-9990<br>Morison & Prough, LLP<br>2540 Camino Diablo, Suite 100, Walnut Creek, CA 94597 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 U.S.C. § 1332 |
|---|---|
| | Brief description of cause:<br>Insurance Coverage regarding construction defect claim. |

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ☐ Yes   ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/29/2016 | /s/ William C. Morison |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1   WILLIAM C. MORISON (No. 99981)
    wcm@morisonprough.com
2   PHILIP D. WITTE (112217)
    pdw@morisonprough.com
3   MORISON & PROUGH, LLP
    2540 Camino Diablo, Suite 100
4   Walnut Creek, CA 94597-3973
    Telephone: (925) 937-9990
5   Facsimile: (925) 937-3272

6   Attorneys for Defendant
    IRONSHORE SPECIALTY
7   INSURANCE COMPANY

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10   MARYLAND CASUALTY COMPANY    )    Case No.
    and NORTHERN INSURANCE        )
11   COMPANY OF NEW YORK,         )
                           )
12            Plaintiffs,        )    IRONSHORE SPECIALTY
                           )    INSURANCE COMPANY'S
13      vs.                 )    NOTICE OF REMOVAL
                           )
14   IRONSHORE SPECIALTY         )
    INSURANCE COMPANY and DOES   )
15   1-20 inclusive,           )
                           )
16            Defendants.    )
                           )
17

18   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

19   DISTRICT OF CALIFORNIA:

20        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441(a) and 1446,

21   defendant Ironshore Specialty Insurance Company ("Ironshore") hereby removes to this Court the

22   above-captioned state court action.  Ironshore states the following grounds for removal:

23        1.     This action was commenced on or about November 30, 2015, by the filing of a

24   complaint against Ironshore in the Placer County Superior Court of the State of California,

25   entitled *Maryland Casualty Company, et al. v. Ironshore Specialty Insurance Company*, No.

26   SCV0037066 ("the state court action").

27        2.     The state court action concerns an underlying construction defect action in which a

28   homeowners association consisting of 126 individuals sued the alleged owner and developer of a

MORISON &
PROUGH, LLP

- 1 -

1  condominium project.  The defendant cross-complained against numerous subcontractors and

2  others for indemnity, negligence, and other causes of action.  With respect to the underlying

3  action, Plaintiffs in the present action allege that Ironshore owes a duty to defend and/or

4  indemnify one of the cross-defendants under one or more insurance policies issued by Ironshore.

5  Plaintiffs seek (1) a judicial declaration that Ironshore owes a duty to defend that cross-defendant;

6  (2) damages for contribution based on payments that one or more Plaintiffs allegedly made with

7  respect to the defense and/or settlement of the underlying action; and (3) "indemnity" based on

8  payments that one or more Plaintiffs allegedly made with respect to the defense and/or settlement

9  of the underlying action.  The limits of the general liability coverage part for the Ironshore policy

10  specifically identified in Plaintiffs' complaint is $1,000,000.  Therefore, by way of these claims,

11  the amount in controversy exceeds $75,000, exclusive of interest and costs.

12          3.      At the time the state court action was filed, Plaintiff Maryland Casualty Company

13  was, and still is, a corporation organized and existing under the laws of the State of Maryland,

14  with its principal place of business in the State of Illinois.  Therefore, Plaintiff Maryland Casualty

15  Company is a citizen of both the State of Maryland and the State of Illinois.

16          4.      At the time the state court action was filed, Plaintiff Northern Insurance Company

17  of New York was, and still is, a corporation organized and existing under the laws of the State of

18  New York, with its principal place of business in the State of New York.  Therefore, Plaintiff

19  Northern Insurance Company of New York is a citizen of the State of New York.

20          5.      At the time the state court action was filed, Ironshore was, and still is, a

21  corporation organized and existing under the laws of the State of Arizona, with its principal place

22  of business in the State of Massachusetts.  Therefore, Ironshore is a citizen of both the State of

23  Arizona and the State of Massachusetts.

24          6.      The state court action is one of which the district courts of the United States have

25  original jurisdiction under the provisions of 28 U.S.C. section 1332(a)(1), and is one which may

26  be removed to this Court by Ironshore pursuant to the provisions of 28 U.S.C. sections 1332,

27  1441(a), and 1446.  This is a civil action between citizens of different states, complete diversity of

28  citizenship exists between plaintiffs and defendant, and the amount in controversy exceeds the

1    sum or value of $75,000, exclusive of interest and costs.

2         7.    This Notice of Removal is filed within 30 days of the date that Ironshore was first

3    served a copy of the summons and complaint in the state court action.  The summons and

4    complaint in the state court action were served on Ironshore on January 12, 2016, although the

5    summons states that Ironshore was served on January 4, 2016.  A true and correct copy of the

6    summons, complaint, and all other papers in the state court action received by Ironshore are

7    attached hereto as Exhibit 1.

8         WHEREFORE, Ironshore hereby gives notice that the state court action is removed in its

9    entirety from the Placer County Superior Court for the State of California to the United States

10   District Court for the Eastern District of California.

11   Dated: January 29, 2016                    Respectfully submitted,

12                                              MORISON & PROUGH, LLP

13

14                                              By: /s/ William C. Morison
                                                    William C. Morison
15
                                                Attorneys for Defendant
16                                              IRONSHORE SPECIALTY
                                                INSURANCE COMPANY
17

18
     155822
19

20

21

22

23

24

25

26

27

28

MORISON &
PROUGH, LLP                                     - 3 -
                                          NOTICE OF REMOVAL

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 30 2015

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IRONSHORE SPECIALTY INSURANCE COMPANY, and DOES 1-
20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARYLAND CASUALTY COMPANY, NORTHERN INSURANCE
COMPANY OF NEW YORK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| (El nombre y dirección de la corte es):  Placer County Superior Court | (Número del Caso):  SCV0037066 |

10820 Justice Center Drive
Roseville, CA 95678

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Reeves; Morales, Fierro & Reeves, 2300 Contra Costa Blvd., Ste. 310, Pleasant Hill, CA 94523

| DATE:  NOV 8 0 2015 | Clerk, by | , Deputy |
| --- | --- | --- |
| (Fecha) | (Secretario)  N Phelps | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): IRONSHORE SPECIALTY INSURANCE COMPANY
3. ☒ on behalf of (specify): IRONSHORE SPECIALTY INSURANCE COMPANY
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): CCP 415.95 BUSINESS ORGANIZATION FORM UNKNOWN
4. ☒ by personal delivery on (date): 1/4/16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

(SEAL)  COPY

1  William C. Reeves – 183878
   MORALES FIERRO & REEVES
2  2300 Contra Costa Blvd., Suite 310
   Pleasant Hill, CA 94523
3  Telephone: 925/288-1776
   Facsimile: 925/288-1856
4  Email: wreeves@mfrlegal.com

5  Attorneys for Plaintiffs

6

7

8                          STATE OF CALIFORNIA

9                          COUNTY OF PLACER

10 MARYLAND CASUALTY COMPANY,          Case No.:  SCV0037066
   NORTHERN INSURANCE COMPANY OF
11 NEW YORK,                           COMPLAINT

12        Plaintiffs,

13     vs.

14 IRONSHORE SPECIALTY INSURANCE
   COMPANY and DOES 1-20 inclusive,
15
                                              BY FAX
16        Defendants.

17       Plaintiffs Maryland Casualty Company and Northern Insurance Company Of New York

18 (collectively "Zurich") allege as follows:

19       1.      Plaintiffs are corporations engaged in the business of issuing commercial general

20 liability insurance policies.

21       2.      On information and belief, defendant Ironshore Specialty Insurance Company

22 ("Ironshore") is a corporation engaged in the business of issuing commercial general liability

23 insurance policies.

24       3.      Certain acts and/or omissions covered by the insurance contracts at issue herein took

25 place in this County.  On information and belief, therefore, venue lies with this Court as a

26 substantial part of the events which are the subject and nexus of the claims asserted herein, are

27 located and/or took place in this County.

28       4.      Does 1-20 are named as defendants pursuant to Code of Civil Procedure 474.  When

COMPLAINT                                   1

1   the names and identities of these entities are discovered, Plaintiffs will amend this Complaint.

2              CAUSE OF ACTION NO. 1 - DECLARATORY RELIEF

3                        All Defendants

4          5.      Ironshore issued 3rd Generation Heating and Air Conditioning  ("3rd Generation")

5   commercial general liability policies, including but not limited to, Policy No. 01V210905001

6   (effective 10/29/09-10/29/10) ("Ironshore-3G Policies").

7          6.      On information and belief, the Ironshore-3G Policies provide that Ironshore shall

8   defend any suit in which allegations were made of damages because of "property damage"

9   potentially caused by an "occurrence," occurring during the policy period and not otherwise

10   excluded.  "Property damage" is generally defined as physical injury to tangible property and

11   corresponding loss of use.  "Occurrence" is generally defined as an accident, including the repeated

12   exposure to substantially the same general harmful conditions.

13          7.      On information and belief, the Ironshore-3G Policies also include an IB.EX.014B

14   Continuous or Progressive Injury endorsement ("Prior Damage Endorsement") which excludes from

15   coverage damages which "first existed" prior to the inception of the policy.

16          8.      3rd Generation was named as a defendant in a matter styled Rocklin Park Place COA

17   v. D.R. Horton, Placer County Case No.: SCV0028920 ("Rocklin Park").

18          9.      Allegations were made in Rocklin Park of damages to real property that potentially

19   could have occurred during the time the Ironshore-3G Policies were in effect.

20         10.     On behalf of 3rd Generation, request was made that Ironshore provide a defense in

21   Rocklin Park.

22         11.     Ironshore conducted a limited investigation in an effort to try and confirm that

23   construction of the real property at issue in Rocklin Park was completed prior to the inception of the

24   Ironshore-3G Policies.  On information and belief, said investigation was performed in order to take

25   the position that damages commenced no later than when construction work was completed.

26         12.     Based on the belief that all construction work at issue was completed prior to the

27   inception of any relevant policy, Ironshore disclaimed coverage to 3rd Generation in connection

28   with Rocklin Park based on the assertion of the Prior Damage Endorsement.

COMPLAINT                2

1    13.    Ironshore's assumption regarding the timing of damages so as to assert its Prior

2    Damage Endorsement is baseless and contrary to law.

3    14.    Plaintiffs issued commercial general liability policies to 3rd Generation (collectively

4    Zurich-3G Policies").

5    15.    As with the Ironshore-3G Policies, the Zurich-3G Policies also provide that a defense

6    is owed in any suit in which allegations were made of damages because of "property damage"

7    potentially caused by an "occurrence," occurring during the policy period and not otherwise

8    excluded. "Property damage" is generally defined as physical injury to tangible property and

9    corresponding loss of use. "Occurrence" is generally defined as an accident, including the repeated

10    exposure to substantially the same general harmful conditions.

11    16.    In response to a tender, a defense was provided to 3rd Generation in connection with

12    Rocklin Park.

13    17.    A dispute exists in this case regarding whether Ironshore also owed a co-extensive

14    duty to defend 3rd Generation in connection with Rocklin Park under the Ironshore-3G Policies.

15    18.    This dispute presents an actual, present and justiciable controversy.

16    19.    A judicial determination of this controversy is necessary and appropriate in order for

17    the parties to ascertain their rights, duties and obligations regarding this dispute.

18    Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

19    CAUSE OF ACTION NO. 2 - CONTRIBUTION

20    All Defendants

21    20.    Plaintiffs incorporate the provisions or all prior paragraphs as though fully set forth

22    herein.

23    21.    Sums were incurred on behalf of 3rd Generation in connection with the Rocklin Park

24    matter under the Zurich-3G Policies in connection with the defense of it and/or settlement of claims.

25    22.    The obligations owing under the Ironshore-3G Policies and the Zurich-3G Policies as

26    to Rocklin Park are co-extensive and overlap as the policies afford coverage for the same risks.

27    23.    Plaintiffs, therefore, are entitled to contribution from Ironshore for all sums paid in

28    excess of their equitable share.

COMPLAINT                                  3

1     Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

2                  CAUSE OF ACTION NO. 3 - INDEMNITY

3                       All Defendants

4     24.    Plaintiffs incorporate the provisions or all prior paragraphs as though fully set forth

5    herein.

6     25.    Sums were incurred on behalf of 3rd Generation as to the Rocklin Park under the

7    Zurich-3G Policies in connection with the defense of it and/or settlement of claims.

8     26.    Given the allegations of damage during the period the Ironshore-3G Policies were in

9    effect, some or all of the sums incurred by Plaintiffs were the sole obligation of Ironshore under the

10   Ironshore-3G Policies.

11     27.    Plaintiffs, therefore, are entitled to indemnity from Ironshore for all sums paid were

12   its sole obligation under the Ironshore-3G Policies.

13     Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

14     1.    For a declaration and determination that Ironshore owed a duty to defend D3rd

15   Generation in connection with Rocklin Park

16     2.    For a declaration and determination as to the sum Ironshore must reimburse

17   Plaintiffs;

18     3.    For damages according to proof at trial;

19     4.    For costs and interest; and

20     5.    For all other relief this Court deems proper.

21   Dated: November 30, 2015

22                      MORALES FIERRO & REEVES

23

24                 By:

25                    William C. Reeves
                          Attorneys for Plaintiffs

26

27

28

COMPLAINT               4

# Superior Court of the State of California
## In and For The County of Placer

CASE NO. **SCV0037066**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: **March 29, 2016**
TIME: ☑ **10:00 A.M. If your case number starts with "S-CV"**
　　　 ☐ **10:30 A.M. If your case number starts with "S-CV" and is deemed Complex**
　　　 ☐ **11:00 A.M. If your case number starts with "M-CV"**
DEPT: **40 - 10820 Justice Center Drive, Roseville, California**

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does <u>not</u> decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference." If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

Superior Court of California, County of Placer
Form No. PL-CV901
Effective 09-18-2014
www.placer.courts.ca.gov

1  WILLIAM C. MORISON (No. 99981)
   wcm@morisonprough.com
2  PHILIP D. WITTE (112217)
   pdw@morisonprough.com
3  MORISON & PROUGH, LLP
   2540 Camino Diablo, Suite 100
4  Walnut Creek, CA  94597-3973
   Telephone: (925) 937-9990
5  Facsimile: (925) 937-3272

6  Attorneys for Defendant
   IRONSHORE SPECIALTY
7  INSURANCE COMPANY

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10  MARYLAND CASUALTY COMPANY      )      Case No.
    and NORTHERN INSURANCE         )
11  COMPANY OF NEW YORK,           )
                                   )
12            Plaintiffs,          )      IRONSHORE SPECIALTY
                                   )      INSURANCE COMPANY'S
13       vs.                       )      CORPORATE DISCLOSURE
                                   )      STATEMENT (FED. R. CIV.
14  IRONSHORE SPECIALTY            )      PROC. 7.1)
    INSURANCE COMPANY and DOES     )
15  1-20 inclusive,                )
                                   )
16            Defendants.          )
                                   )
17  ─────────────────────────────── )

18          Pursuant to Federal Rule of Civil Procedure 7.1, defendant Ironshore Specialty Insurance

19  Company states that it is a wholly owned subsidiary of Ironshore Holdings (U.S.), Inc., and that

20  Ironshore Holdings (U.S.), Inc. is a wholly owned subsidiary of Ironshore, Inc.

21  Dated: January 29, 2016              Respectfully submitted,

22                                       MORISON & PROUGH, LLP

23

24                                       By: /s/ William C. Morison
25                                           William C. Morison

26                                       Attorneys for Defendant
                                         IRONSHORE SPECIALTY
27                                       INSURANCE COMPANY

28  155825

MORISON &                         - 1 -
PROUGH, LLP
            IRONSHORE'S CORPORATE DISCLOSURE STATEMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**MARYLAND CASUALTY COMPANY, ET AL. ,**

Plaintiff,

vs.

**IRONSHORE SPECIALTY INSURANCE COMPANY ,**

Defendant(s).

NO. **2:16−CV−00186−MCE−AC**

ORDER REQUIRING JOINT
STATUS REPORT

This action has been assigned to the Honorable Morrison C. England, Jr.  Pursuant to the

provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

    1.   Plaintiff(s) shall complete service of process on all parties within ninety (90) days

of the date of the filing of the complaint.

    2.   Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s)

shall serve upon each of the parties named in the complaint, and upon all parties subsequently

joined, a copy of this Order, and shall file with the Clerk of the Court a certificate reflecting such

service.  Any party who impleads a third−party defendant shall serve upon that party a copy of

this Order and shall file with the Clerk of the Court a certificate reflecting such service.

    3.   In the event this action was originally filed in a state court and was thereafter removed

to this Court, the removing parties shall, immediately following such removal, serve upon each of

/////

1

1   the other parties named in the complaint, and upon all parties subsequently joined, a copy of this

2   Order and shall file with the Clerk of the Court a certificate reflecting such service.

3       4.   Within sixty (60) days of service of the complaint on any party, from the date of removal, or

4   from reassignment, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and

5   submit to the Court a joint status report that includes the Rule 26(f) discovery plan.  The joint status

6   report shall address the following matters:

7       (a)   a brief summary of the claims;

8       (b)   status of service upon all defendants and cross–defendants, i.e., are responsive

9   pleadings on file with the Court;

10       (c)   possible joinder of additional parties;

11       (d)   contemplated amendments to the pleadings;

12       (e)   the statutory basis for jurisdiction and venue (cite the code sections);

13       (f)   anticipated discovery and exchange of information, including:

14       (1)   what changes, if any, should be made in the timing, form, or requirement for

15   disclosures under Rule 26(a), including a statement as to when disclosures under

16   Rule 26(a)(1) were made or will be made;

17       (2)   the subjects on which discovery may be needed; when discovery should be

18   completed, and whether discovery should be conducted in phases;

19       (3)   what changes, if any, should be made in the limitations on discovery imposed

20   under the Civil Rules and what other limitations, if any, should be imposed;

21       (4)   whether the parties anticipate discovery of electronically stored information ("ESI"),

22   and if so:

23       (i)   whether the parties have exchanged or will exchange information regarding

24   the parties' relevant electronic systems and custodians of relevant electronic materials;

25       (ii)   the format, media and procedures agreed to by the parties for the

26   production of ESI;

27   /////

28   /////

1        (iii)  whether the parties anticipate discovery of ESI from sources that are not

2        "reasonably accessible" within the meaning of Rule 26(b)(2)(B), the burdens and

3        costs of retrieving such ESI, and any conditions that should be placed on its production;

4        (iv)  any other problems reasonably anticipated to arise in connection with ESI

5        discovery.

6        (5)   the timing of the disclosure of expert witnesses and information required by

7        Rule 26(a)(2); and

8        (6)   proposed dates for discovery cut−off.

9        (g)   proposed date by which all non−discovery motions shall be filed;

10        (h)   proposed dates for final pretrial conference and trial;

11        (i)   estimate days of trial, and whether any party has demanded a jury;

12        (j)   appropriateness of special procedures such as reference to a special master or

13        agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. §636(c);

14        (k)   proposed modification of standard pretrial procedures due to the special nature

15        of the case;

16        (l)   whether the case is related to any other case, including any matter involving bankruptcy;

17        (m)  prospects for settlement, including whether a settlement conference should be

18        scheduled; and

19        (n)   any other matters that may be conducive to the just and expeditious disposition of the

20        case, including whether counsel will waive any disqualification and stipulate to the trial judge

21        acting as a settlement judge.

22        5.   The Court, upon review of the joint status report may:

23        (a)   issue a Pretrial (Status) Scheduling Order incorporating the suggestions of counsel as

24        contained in the joint status report;

25        (b)   by minute order, set a status conference to be held either by telephone or in person.

26        (c)   by minute order, require the parties to submit a supplemental joint status report to

27        clarify and or complete the responses required by paragraph 4, above.

28        /////

6.    If the parties agree to a settlement conference, a settlement judge will be randomly assigned to the case.  If the parties specifically request that the assigned District Judge or Magistrate Judge conduct the settlement conference, the parties shall file the appropriate waiver of disqualification in accordance with Local Rule 270(b).  The waiver of disqualification shall be filed concurrently with the Joint Status Report.

7.    A Pretrial (Status) Scheduling Order will be issued regarding future proceedings in the case. Counsel are directed to read the order carefully.  Requests to modify or vacate any date or other limitation set forth in the order are not favored and will not be granted absent good cause.

8.    The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least seven (7) days prior to the filing of the motion.

9.    The parties are directed to the Court's website for available hearing dates and Judge England's standard procedures. (www.caed.uscourts.gov − choose Judges − choose Judge England − choose Standard Information).

10.    In order to assist the Court in meeting its recusal responsibilities, any non−governmental corporate party to this action shall submit a statement identifying all its parent corporations and listing any publicly held company that owns ten percent (10%) or more of the party's stock.  Such statement shall be included in the parties' joint status report.  Thereafter, if there is any change in the information, the party shall file and serve a supplemental statement within a reasonable time after such change occurs.

11.    In accordance with L.R. 160, counsel are to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case.

/s/ Stephanie Deutsch
Stephanie Deutsch
Courtroom Deputy
Tel (916) 930−4207
Fax (916) 491−3955
e−mail: sdeutsch@caed.uscourts.gov

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or non jury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers.  This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4−200

Sacramento, CA  95814

Office of the Clerk

2500 Tulare Street, Suite 1501

Fresno, CA  93721

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**MARYLAND CASUALTY COMPANY, ET AL. ,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO.   **2:16−CV−00186−MCE−AC**

**IRONSHORE SPECIALTY INSURANCE COMPANY ,**
Defendant(s)/Respondent(s).

---

**IMPORTANT**

**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐  **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____        Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
Counsel for_____*

---

☐  **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____        Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
Counsel for_____*

---

*If representing more than one party, counsel must indicate the name of each party responding.*

**NOTICE OF AVAILABILITY**

**VOLUNTARY DISPUTE RESOLUTION**

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties.  Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court.  After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods.   These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation.   The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 271, ***this Local Rule applies to*** all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances.   The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

| Sacramento Cases | Fresno Cases |
|---|---|
| Voluntary Dispute Resolution | Voluntary Dispute Resolution |
| Program Administrator | Program Administrator |
| United States District Court | United States District Court |
| 501 "I" Street, Suite 4−200 | 2500 Tulare Street, Suite 1501 |
| Sacramento, CA  95814 | Fresno, CA  93721 |
| (916) 930−4278 | (559) 499−5600 |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARYLAND CASUALTY COMPANY, ET AL.,** | NO: **2:16−CV−00186−MCE−AC** |
| Plaintiff(s) | |
| v. | STIPULATION TO ELECT REFERRAL OF ACTION TO VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP) PURSUANT TO LOCAL RULE 271 |
| **IRONSHORE SPECIALTY INSURANCE COMPANY,** | |
| Defendant(s) | |

Pursuant to Local Rule 271, the parties hereby agree to submit the above−entitled action to the Voluntary Dispute Resolution Program.

DATED:   **FEBRUARY 1, 2016**

_____
Name:
Attorney for Plaintiff(s)


_____
Name:
Attorney for Defendant(s)