UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLAND CASUALTY COMPANY and NORTHERN INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY and DOES 1-20 inclusive,<br><br>Defendants. | No. 2:16-cv-00186-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

This is a dispute between insurance carriers involving their obligation to defend and indemnify a common insured, 3rd Generation, in an underlying construction defect action where 126 homeowners allege defects in excess of $7.5 million. Defendant Ironshore Specialty Insurance Company ("Ironshore") insured 3rd Generation through a policy of commercial general liability insurance, and Plaintiffs Maryland Casualty Company and Northern Insurance Company of New York (collectively "Zurich") also provided coverage to 3rd Generation in connection with the construction project which spawned the claimed defects. According to Zurich, while it provided a defense to 3rd Generation, Ironshore, for its part, has wrongfully refused to defend and/or indemnify 3rd Generation in the underlying lawsuit.

Zurich's lawsuit was initially filed in state court on November 30, 2015. On January 29, 2016, Ironshore removed Zurich's lawsuit to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. According to the Notice of Removal, the $75,000 amount in controversy requirement is met given the construction defects alleged by the homeowners' association and its 126 members, as well as the fact that Ironshore owed a duty to defend one of the implicated subcontractors, 3rd Generation, because the general liability policy Ironshore issued to 3rd Generation had coverage limits of $1,000,000. In now removing to remand, Zurich argues that the requisite amount in controversy requirement has in fact not been established. Ironshore argues that because the underlying complaint seeks 100 times that required $75,000 amount, there is no question that the jurisdictional limit has been satisfied.[1]

For the reasons set forth below, Zurich's Motion to Remand will be DENIED.[2]

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction

---

[1] Ironshore has requested that the Court take judicial notice of the allegations in the underlying complaint, as well as a Cross-Complaint for Indemnity filed with respect to that complaint, pursuant to Federal Rule of Evidence 201. The Complaint's allegations include a prayer for compensatory and special damages in excess of $7.5 million. Defendant's Request for Judicial Notice (ECF No. 7-1) is unopposed and is consequently GRANTED.

[2] Because oral argument would not have been of material assistance, the Court submitted this matter on the briefing in accordance with Eastern District Local Rule 230(g).

"where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

In moving to remand, Zurich argues that Ironshore makes no contention to support its argument that the amount in controversy exceeds $75,000 aside from contending that Zurich's coverage limits are $1,000,000. Zurich goes on to contend that the coverage limit "is of no import" in establishing the amount at issue, and that Ironshore has accordingly not met its burden of proof in establishing that removal jurisdiction is proper. Pls.' Mot., ECF No. 6-1, 3:15-17. Zurich is wrong.

First, as Ironshore points out, policy limits are unquestionably a factor relevant in determining whether the amount in controversy requirement for diversity jurisdiction has been met in insurance coverage actions like this one. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) ("policy limits and potential attorney's fees [are] items to be considered in determining the amount in controversy"). Second, Ironshore's Notice of Removal goes on to specifically describe the underlying action

triggering potential coverage as "a construction defect action in which a homeowners association consisting of 126 individuals sued the alleged owner and developer of a condominium project" which produced, in turn, a cross-complaint "against numerous subcontractors and others for indemnity, negligence, and other causes of action." Notice of Removal, ECF No. 1, 1:27-2:2.  Third, as indicated above, the allegations of the underlying Complaint show that the homeowners association seeks more than $7.5 million in compensatory and special damages.  Taken together, these circumstances show that the requisite amount in controversy requirement has been amply satisfied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated:  July 29, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE